1
2
3
4
5
6
7
8        **UNITED STATES DISTRICT COURT**
9        **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11   STEVEN MACARTHUR-BROOKS ESTATE, ET AL. | No. CV 25-2812-E |
| 12 | |
|         Plaintiffs, | |
| 13 | ORDER OF DISMISSAL |
| 14     v. | |
|   GREGORY KEITH, ET AL., | |
| 15 | |
| 16        Defendants. | |

17

18       In this removed action in which the parties consented to a Magistrate Judge, the Court

19  filed a Minute Order on April 16, 2025, stating:

20

21       Steven MacArthur-Brooks, an individual who is not licensed to practice law

22  in the state of California or before this federal Court, purports to represent all three

23  Plaintiffs in this removed action.  As identified in the Complaint, Plaintiffs are an

24  "Estate" and two "Trusts."  Such organizations may not be represented in court by

25  a non-attorney, and such organizations may not appear pro se.  See L.R. 83-

26  2.2.2; J.J. Rissell, Allentown PA Trust v. Marchelos, 976 F.3d 1233, 1236 (11th

27  Cir. 2020); In re America West Airlines, 40 F.3d 1058, 1059 (9th Cir. 1994); Price

28  v. Kaiser Found. Health Plan Inc., 2025 WL 790944, at *1 (C.D. Cal. March 11,

1    2025); see also United States v. Brenton, 2007 WL 3124539, at *2 (D. Neb.

2    Oct. 23, 2007) ("power of attorney" does not permit court representation).

3

4            Therefore, it is ordered that, within twenty-eight (28) days of the date of this

5    Order, Plaintiffs shall either:  (1) file an appearance by a licensed attorney

6    retained to represent Plaintiffs in this action; or (2) show cause, if there be any,

7    why this action should not be dismissed.  Failure timely to comply with this Order

8    may result in this action being dismissed.

9

10    Plaintiffs failed timely to file anything in response to, or in attempted compliance with, the

11    April 16, 2025 Minute Order.

12

13            A district court may dismiss an action for failure to obey a court order and for failure to

14    prosecute.  See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Pagtalunan v.

15    Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003); Ferdik v.

16    Bonzelet, 963 F.2d 1258, 1260-62 (9th Cir.), cert. denied, 506 U.S. 915 (1992).  This Court

17    has considered the factors recited in Ferdik v. Bonzelet, and has concluded that dismissal

18    without prejudice is appropriate for essentially the same reasons stated by the Court in Price

19    v. Kaiser Found. Health Plan Inc., 2025 WL 790944 (C.D. Cal. March 11, 2025).  The Court

20    also observes that the present case is not the first time Steven Macarthur-Brooks has been

21    advised by a federal court that he may not represent organizations in court.  See Steven

22    Macarthur-Brooks Estate v. Moreno, 2025 WL 30390, at *10 (S.D. Fla. Jan. 6, 2025).

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

1    Therefore, the action is dismissed without prejudice.[1]

2

3    LET JUDGMENT BE ENTERED ACCORDINGLY.

4

5        Dated: May 23, 2025.

6

7                                                        _____
                                                        CHARLES F. EICK
8                                                        UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    _____

27        [1]    In light of this disposition, the Motion to Dismiss, filed April 22, 2025, is denied
      without prejudice.  Under the present circumstances, a dismissal of this action with prejudice
28    would be inappropriate under the <u>Ferdik v. Bonzelet</u> factors.